**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| DEBORAH KYZER and MADISON CARAWAY, <br><br> *Plaintiff*, <br><br> -v- <br><br> JAHAAD NEHEEM DANIEL WILFONG and NEW PRIME, INC., <br><br> *Defendants*. | Civil Case No.:    3:26-cv-2476-SAL <br><br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiffs Deborah Kyzer and Madison Caraway, by and through undersigned counsel, allege as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Deborah Kyzer is a citizen and resident of Lexington County, South Carolina.

2. Plaintiff Madison Caraway is a citizen and resident of Lexington County, South Carolina.

3. Defendant Jahaad Neheem Daniel Wilfong ("Wilfong") is a citizen and resident of Wisconsin.

4. Defendant New Prime, Inc. ("New Prime") is a Missouri corporation with its principal place of business in Springfield, Missouri.

5. At all times relevant to this action, Wilfong was acting within the course and scope of his employment, agency, and service for New Prime.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Lexington County, South Carolina.

FACTUAL ALLEGATIONS

8. On December 26, 2025, Wilfong was operating a commercial motor vehicle owned, controlled, maintained, leased, managed, and/or entrusted by New Prime on Two Notch Road in Lexington County, South Carolina.

9. Prior to the collision, the commercial motor vehicle became disabled and came to rest in or near the traveled portion of the roadway.

10. The disabled commercial motor vehicle obstructed the roadway and created a foreseeable hazard to approaching motorists.

11. Upon information and belief, another motorist stopped to assist Wilfong and positioned a vehicle near the disabled commercial motor vehicle.

12. Upon information and belief, the positioning of the disabled commercial motor vehicle, the assisting vehicle, or both reduced the visibility of the disabled commercial motor vehicle to approaching motorists.

13. Defendants knew or should have known that a disabled commercial motor vehicle located in or near the traveled portion of a roadway during nighttime hours created a substantial risk of serious injury or death to approaching motorists.

14. Defendants had a duty to adequately protect the motoring public from the hazard created by the disabled commercial motor vehicle and associated roadside activities.

15. Defendants knew or should have known that approaching motorists would rely upon adequate warnings, conspicuity measures, lighting, emergency signals, warning devices, and roadside safety procedures to perceive and avoid the hazard.

16. Defendants failed to provide adequate warning of the disabled commercial motor vehicle and the hazard it presented.

17. Upon information and belief, any warning devices present were absent, obscured, improperly positioned, untimely deployed, inadequately illuminated, noncompliant with applicable safety requirements, or otherwise ineffective to provide reasonable advance warning to approaching motorists.

18. Defendants failed to maintain a reasonably safe roadside operation.

19. Plaintiff Madison Caraway was operating a motor vehicle on Two Notch Road with Plaintiff Deborah Kyzer riding as a passenger.

20. As she approached the area of the disabled commercial vehicle, the disabled commercial motor vehicle and associated roadway hazard were not visible in sufficient time to safely avoid the collision.

21. Plaintiffs' vehicle collided with the disabled commercial motor vehicle and/or the motorist who parked a vehicle in the roadway.

22. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered severe and permanent bodily injuries, incurred medical expenses, experienced pain and suffering, sustained lost income and earning capacity, and suffered other damages.

## COUNT I
### Negligence, Negligence Per Se, and Recklessness
#### (Against Defendant Wilfong)

23. Plaintiffs incorporate by reference the preceding allegations.

24. Wilfong owed Plaintiffs a duty to exercise reasonable care under the circumstances and to comply with all applicable statutes, regulations, safety rules, and industry standards governing the operation, protection, and handling of disabled commercial motor vehicles.

25. Wilfong breached those duties in one or more of the following respects:

a. Failing to adequately warn approaching motorists of the disabled commercial motor vehicle;

b. Failing to adequately protect approaching motorists from the hazard created by the disabled commercial motor vehicle;

c. Failing to establish and maintain a reasonably safe roadside operation;

d. Failing to properly deploy, position, maintain, monitor, or utilize warning devices;

e. Failing to properly utilize available emergency warning equipment;

f. Failing to ensure adequate visibility and conspicuity of the disabled commercial motor vehicle;

g. Failing to comply with applicable Federal Motor Carrier Safety Regulations;

h. Failing to exercise reasonable care under the circumstances; and

i. Otherwise acting negligently, carelessly, recklessly, willfully, and wantonly.

26. Upon information and belief, Wilfong violated one or more provisions of the Federal Motor Carrier Safety Regulations governing disabled commercial motor vehicles, emergency warning devices, roadside safety procedures, and the protection of approaching motorists, including but not limited to 49 C.F.R. §§ 392.22 and 393.95.

27. The foregoing statutory and regulatory violations constitute negligence per se.

28.     Wilfong's conduct was negligent, grossly negligent, reckless, willful, wanton, and in conscious disregard for the safety of others.

29.     As a direct and proximate result of Wilfong's conduct, Plaintiffs suffered the damages described herein.

30.     Plaintiffs are entitled to recover actual, compensatory, and punitive damages from Wilfong.

COUNT II
Respondeat Superior
(Against Defendant New Prime)

31.     Plaintiffs incorporate by reference the preceding allegations.

32.     At all times relevant to this action, Wilfong was acting within the course and scope of his employment, agency, and service for New Prime.

33.     Pursuant to the doctrine of respondeat superior, New Prime is vicariously liable for the negligent, reckless, willful, wanton, and grossly negligent conduct of Wilfong.

34.     As a direct and proximate result of such conduct, Plaintiffs suffered the damages described herein.

35.     Plaintiffs are entitled to recover actual, compensatory, and punitive damages from New Prime.

COUNT III
Negligent Hiring, Training, Supervision, Retention, Entrustment, and Safety Management
(Against Defendant New Prime)

36.     Plaintiffs incorporate by reference the preceding allegations.

37.     New Prime owed a duty to exercise reasonable care in the hiring, qualification, training, supervision, retention, monitoring, management, and entrustment of commercial motor vehicle operators.

38. New Prime also owed a duty to implement, enforce, and monitor compliance with the Federal Motor Carrier Safety Regulations and to establish safe roadside breakdown and emergency procedures.

39. Upon information and belief, New Prime breached its duties in one or more of the following respects:

a. Failing to adequately train drivers regarding roadside breakdown procedures;

b. Failing to adequately train drivers regarding compliance with applicable Federal Motor Carrier Safety Regulations;

c. Failing to adequately train drivers regarding emergency warning devices and roadside safety procedures;

d. Failing to implement and enforce reasonable roadside emergency policies and procedures;

e. Failing to monitor and enforce compliance with applicable Federal Motor Carrier Safety Regulations;

f. Failing to ensure the availability, deployment, and proper use of required warning devices and emergency equipment;

g. Failing to adequately supervise and monitor its drivers;

h. Failing to implement reasonable safety-management practices; and

i. Otherwise failing to act as a reasonably prudent motor carrier under similar circumstances.

40. New Prime knew or should have known that its failures created a foreseeable risk of serious injury to members of the motoring public, including Plaintiffs.

41.     New Prime's conduct was negligent, grossly negligent, reckless, willful, wanton, and in conscious disregard for the safety of others.

42.     As a direct and proximate result of New Prime's conduct, Plaintiffs suffered the damages described herein.

43.     Plaintiffs are entitled to recover actual, compensatory, and punitive damages from New Prime.

44.     As a direct and proximate result of Defendant's acts and omissions, Plaintiffs suffered damages, including:

 a. Past and future medical expenses;

 b. Past and future pain and suffering;

 c. Mental anguish and emotional distress;

 d. Loss of enjoyment of life and impairment;

 e. Permanent injury, permanent scarring and disability;

 f. Lost wages and loss of earning capacity;

 g. Household services and other out-of-pocket expenses;

 h. Pre- and post-judgment interest as allowed by law; and

 i. Punitive damages for reckless, willful, and wanton conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendant and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**MORGAN & MORGAN, P.A.**

*James G. Biggart II*
JAMES G. BIGGART II
Federal ID: 14195
SC Bar No.: 106477
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive
Third Floor
North Charleston, SC 29405
(850) 973-5186 Direct
(850) 947-6113 Fax
Jbiggart@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
Attorneys for Plaintiffs