UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Deborah Kyzer and Madison Caraway,<br><br>Plaintiffs,<br><br>v.<br><br>Jahaad Neheem Daniel Wilfong and New Prime, Inc.,<br><br>Defendants. | ) | C.A. No.: 3:26-cv-02476-SAL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT (JURY TRIAL DEMANDED)** |

Now come Defendants Jahaad Nieheem Daniel Wilfong[1] ("Wilfong") and New Prime, Inc. ("New Prime") (collectively "Defendants"), responding to the allegations of Plaintiffs' Complaint, and would allege and show unto the Court as follows. All allegations of the Complaint not specifically admitted herein are denied, and strict proof is demanded thereof.

**<u>FOR A FIRST DEFENSE</u>**

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore must deny the same and demand proof thereof.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore must deny the same and demand proof thereof.

3. Defendants admit the allegations contained in Paragraph 3.

Commented [CG1]: Need to verify if Wilfong is WI resident

4. Defendants admit the allegations contained in Paragraph 4.

[1] Defendant Wilfong's name is slightly misspelt in the Complaint and caption, but is corrected herein.

5. Responding to Paragraph 5, Defendants admit that Wilfong was an independent contractor under contract to New Prime. The remaining allegations of that paragraph are denied.

6. Inasmuch as the allegations contained in Paragraph 6 are jurisdictional in nature, Defendants neither admit nor deny the same but demand strict proof thereof.

7. Inasmuch as the allegations contained in Paragraph 7 relate to venue, Defendants neither admit nor deny the same but demand strict proof thereof.

8. Responding to Paragraph 8, Defendants admit that Defendant Wilfong operated a commercial motor vehicle on or about Two Notch Road in Lexington County, South Carolina, on the date alleged. Defendants deny all remaining allegations contained in Paragraph 8.

9. Responding to Paragraph 9, Defendants admit, upon information and belief, that the commercial motor vehicle became disabled on or about the subject roadway and came to rest in or near the traveled portion of the roadway. Defendants deny all remaining allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11, upon information and belief.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore deny the same and demand proof thereof.

13. Defendants deny the allegations contained in Paragraph 13.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that Defendants were subject to duties

imposed by applicable law. Defendants deny any violation of such duties, and deny all remaining allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore deny the same and demand proof thereof.

20. Defendants deny the allegations contained in Paragraph 20, and strict proof is demanded thereof.

21. Responding to Paragraph 21, Defendants admit that a collision occurred at the time and place alleged in the Complaint, but deny that any act or omission of these Defendants gave rise to the subject collision.

22. Defendants deny the allegations contained in Paragraph 22.

**COUNT I**
**(Negligence, Negligence Per Se, and Recklessness – Against Defendant Wilfong)**

23. Defendants incorporate and reallege each and every response set forth above as if fully repeated herein.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that Defendant Wilfong was subject to duties imposed by applicable law. Defendants deny any violation of such duties, and deny all remaining allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25, including all subparts.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

**COUNT II**
**(Respondeat Superior – Against Defendant New Prime)**

31. Defendants incorporate and reallege each and every response set forth above as if fully repeated herein.

32. Responding to Paragraph 32, Defendants admit that Wilfong was an independent contractor under contract with New Prime. All other allegations of the paragraph are denied.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

**COUNT III**
**(Negligent Hiring, Training, Supervision, Retention, Entrustment, and Safety Management – Against Defendant New Prime)**

36. Defendants incorporate and reallege each and every response set forth above as if fully repeated herein.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that New Prime was subject to duties imposed by applicable law, but deny any violation of such duties. Defendants deny all remaining allegations contained in Paragraph 37.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that New Prime was subject to applicable law, but deny any violation of such Regulations. Defendants deny all remaining allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39, including all subparts.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44, including all subparts.

45. Defendants deny that Plaintiffs are entitled to the relief sought in the "wherefore" clause of the Complaint.

46. Each and every allegation of Plaintiffs' Complaint not specifically admitted herein is denied.

47. Defendants request a trial by jury on all issues so triable.

**FOR A SECOND DEFENSE**
**(Comparative Negligence – Plaintiff Caraway)**

48. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

49. The collision was directly and proximately caused, in whole or in part, by the negligence, carelessness, and recklessness of Plaintiff Madison Caraway in one or more of the following particulars:

a. Failing to maintain a proper lookout;

b. Failing to maintain proper control of her vehicle;

c. Failing to reduce speed or take evasive action upon observing, or in the exercise of reasonable care should have observed, the hazard ahead;

d. Operating her vehicle at a speed greater than was reasonable and prudent under the conditions then and there existing;

e. Failing to keep her vehicle under such control as to be able to stop or avoid a collision within the assured clear distance ahead;

f. Failing to act as a reasonable and prudent person would have acted under the same or similar circumstances; and

g. Such other and further particulars as may be shown during discovery, all of which are violations of the statutory and common law of the State of South Carolina and which operate, in whole or in part, as a bar to or reduction of any recovery by Plaintiffs.

50. To the extent Plaintiff Caraway's negligence is found to be greater than fifty percent (50%) of the total negligence proximately causing the collision, this defense is pled as a complete bar to recovery by Plaintiffs.

**FOR A THIRD DEFENSE**
**(Comparative Negligence as Offset)**

51. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

52. In the alternative, in the event the negligence of Defendants is found to be a greater than fifty percent (50%) cause of the collision and Plaintiffs' alleged injuries and damages, which

is denied, Defendants are entitled to a reduction of any amount awarded to Plaintiffs in an amount proportional to Plaintiff Caraway's percentage of negligence.

**FOR A FOURTH DEFENSE**
**(Sudden Emergency)**

53. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

54. Under the facts of this case, Defendant Wilfong faced a sudden emergency, not of his own making, that compelled him to act instantly and without time for reflection. When faced with this sudden emergency, Defendant Wilfong acted as a reasonably prudent person would have acted under the circumstances. Accordingly, Plaintiffs' claims against Defendants are barred, in whole or in part, by the doctrine of sudden emergency.

**FOR A FIFTH DEFENSE**
**(Unavoidable Accident)**

55. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

56. The collision in this case occurred without negligence on the part of Defendants, was not intended by Defendants, and could not have been foreseen, prevented, or avoided by the exercise of reasonable caution or ordinary care by Defendants. The collision was caused by circumstances over which Defendants had no control and which could not have been avoided through the exercise of ordinary care. Accordingly, Plaintiffs' claims against Defendants are barred by the doctrine of unavoidable accident.

**FOR A SIXTH DEFENSE**
**(Negligence of Third Party / Intervening and Superseding Negligence)**

57. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

58. Should the Court find that Defendants were negligent, which is denied, Plaintiffs' alleged injuries and damages were directly and proximately caused, in whole or in part, by the negligence, carelessness, and recklessness of the unidentified motorist referenced in the Complaint who allegedly stopped to assist Defendant Wilfong and positioned a vehicle near the disabled commercial motor vehicle, and Defendants cannot be held liable for the negligence of that third party. The negligence of that third party constitutes an intervening and superseding cause of Plaintiffs' alleged injuries and damages, breaking any causal chain between the conduct of Defendants and Plaintiffs' alleged injuries.

**FOR A SEVENTH DEFENSE**
**(Lack of Proximate Cause)**

59. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

60. All or a portion of the damages claimed by Plaintiffs were not proximately caused by any act or omission of Defendants, and this defense of lack of proximate cause is pled as a complete defense to Plaintiffs' claims.

**FOR AN EIGHTH DEFENSE**
**(Failure to Mitigate Damages)**

61. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

62. If discovery in this action reveals that Plaintiffs failed to mitigate their damages, or that their damages were increased by any failure to follow the care, treatment, or instructions of any health care providers who evaluated or treated them, then Defendants plead any such failure to mitigate in full or partial bar of Plaintiffs' claims.

**FOR A NINTH DEFENSE**
**(Set-Off)**

63. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

64. To the extent Plaintiffs have received or will receive payments from any collateral source for the injuries or damages alleged in this action, Defendants are entitled to a set-off or credit against any judgment rendered in this matter in the amount of such payments.

**FOR A TENTH DEFENSE**
**(Reservation of Rights)**

65. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

66. Defendants have not had an opportunity to conduct a sufficient investigation or engage in adequate discovery regarding the allegations of this lawsuit. Defendants give notice of their intent to assert any further affirmative defenses that investigation and discovery may support, and reserve the right to amend this Answer to assert any such defenses.

**FOR AN ELEVENTH DEFENSE**
**(Dismissal or Bifurcation of Punitive Damages Claim)**

67. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

68. Plaintiffs' claim for punitive damages against Defendants must be dismissed, or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or with conscious disregard for the rights of others. Alternatively, this claim must be bifurcated and tried separately from all other issues of liability and compensatory damages. S.C. Code Ann. § 15-32-520.

**FOR A TWELFTH DEFENSE**
**(Cap on Punitive Damages)**

69. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

70. Plaintiffs' claim for punitive damages against Defendants must be dismissed, or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or with conscious disregard for the rights of others. Alternatively, any award of punitive damages must be limited and/or capped in accordance with S.C. Code Ann. § 15-32-530.

**FOR A THIRTEENTH DEFENSE**
**(Unconstitutionality of Punitive Damages – South Carolina Constitution)**

71. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

72. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

a. Any award of punitive damages violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of the State of South Carolina.

b. Any award of punitive damages violates the guarantee of due process found in Article I, § 3 of the Constitution of the State of South Carolina because of the lack

of objective guidelines upon which a jury might base its award, and such guidelines as do exist are arbitrary and void for vagueness.

**FOR A FOURTEENTH DEFENSE**
**(Unconstitutionality of Punitive Damages – United States Constitution)**

73. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

74. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

a. Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States, as applied to the States through the Due Process Clause of the Fourteenth Amendment.

b. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines upon which a jury might base its award, and such guidelines as do exist are arbitrary and void for vagueness.

**FOR A FIFTEENTH DEFENSE**
**(Unconstitutionality of Claim for Pain and Suffering – South Carolina Constitution)**

75. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

76. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of South Carolina for the following reasons:

a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of South Carolina

because such awards do not bear a reasonable relationship to the compensatory damages.

b. Any award of damages for pain and suffering violates the guarantee of due process found in Article I, § 3 of the Constitution of South Carolina because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award, and such guidelines, factors, or limits as do exist are arbitrary and void for vagueness.

**FOR A SIXTEENTH DEFENSE**
**(Unconstitutionality of Claim for Pain and Suffering – United States Constitution)**

77. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

78. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of the United States for the following reasons:

a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States, as applied to the States through the Due Process Clause of the Fourteenth Amendment, because such awards do not bear a reasonable relationship to the compensatory damages.

b. Any award of damages for pain and suffering violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award, and such guidelines, factors, or limits as do exist are arbitrary and void for vagueness.

**<u>FOR A SEVENTEENTH DEFENSE</u>**
**(Failure to State a Claim)**

79. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

80. Plaintiffs' Complaint, in whole or in part, fails to state a claim against Defendants upon which relief may be granted, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**<u>FOR AN EIGHTEENTH DEFENSE</u>**
**(Comparative Negligence of Plaintiff Kyzer)**

81. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

82. Upon information and belief, prior to the incident alleged in the Complaint, Plaintiff Kyzer knew, or in the exercise of reasonable care should have known, that Plaintiff Caraway was a dangerous and unsafe driver, and/or that Plaintiff Caraway was not in a condition that would allow her to safely operate a vehicle.

83. Notwithstanding such knowledge, Plaintiff Kyzer voluntarily elected to ride as a passenger in the vehicle operated by Plaintiff Caraway, and failed to exercise reasonable care for her own safety.

84. The injuries and damages alleged by Plaintiff Kyzer, if any, were proximately caused by her own negligence, carelessness, recklessness, willfulness, and wantonness, which combined and concurred with the negligence of Plaintiff Caraway. Plaintiff Kyzer's negligence equals or exceeds that of the Defendants and bars recovery; alternatively, any recovery must be reduced in proportion to Plaintiff Kyzer's fault.

**FOR AN NINETEENTH DEFENSE**
**(Reliance on Other Defenses)**

85. Defendants restate and reallege their responses to the preceding paragraphs as if fully repeated herein.

86. Defendants give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Defendants respectfully pray that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in Defendants' favor, that they be afforded a trial by jury, together with the costs of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

C. Fredric Marcinak (Bar # 9816)
Cole J. Goode (Bar # 14191)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, SC 29616
(864) 248-6025
(864) 248-6035 (Fax)
Fred.Marcinak@momarlaw.com
Cole.Goode@momarlaw.com
*Attorneys for Defendants*