**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Deborah Kyzer and Madison Caraway,<br><br>Plaintiffs,<br><br>v.<br><br>Jahaad Neheem Daniel Wilfong and New Prime, Inc.,<br><br>Defendants. | ) | **C.A. No. 3:26-cv-02476-SAC**<br><br>**DEFENDANTS' LOCAL RULE 26.03 RESPONSES** |

COME NOW Defendants Jahaad Neheem Daniel Wilfong ("Defendant Wilfong") and New Prime, Inc. ("Defendant New Prime") (collectively "Defendants"), by and through their undersigned counsel, and provide Responses to Local Rule 26.03 as follows:

(1) A short statement of the facts of the case.

**RESPONSE:**

**This case is the result of a motor vehicle accident that occurred on December 26, 2025, at approximately 10:00 p.m. on S-77 (Barr Road) near its intersection with Two Notch Road and Persimmon Lane in Lexington County, South Carolina. Defendant New Prime, Inc. is a corporation incorporated in the State of Missouri with its principal place of business in Missouri. Defendant Wilfong is a citizen and resident of the State of Wisconsin. Plaintiffs are citizens and residents of South Carolina. The tractor operated by Defendant Wilfong had become disabled, and Defendant Wilfong deployed warning devices. A third-party motorist stopped to assist and positioned his vehicle in the roadway. Plaintiff Caraway, traveling southbound with Plaintiff Kyzer as her passenger, struck the third-party vehicle and warning devices before striking the rear of the stationary tractor. Plaintiffs allege they were injured as a result of Defendants' negligence. Defendants deny that they were negligent, deny that any act or omission on their part proximately caused Plaintiffs' alleged injuries, and deny the material allegations of Plaintiffs' Complaint. Defendants contend that Plaintiffs are at fault for not seeing and avoiding the open and obvious obstruction in the roadway.**



6019912.1

(2) The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**<u>RESPONSE</u>:**

**Defendants have not determined the fact witnesses likely to be called at trial; however at this time, Defendants anticipate the following possible witnesses:**

**a. Deborah Kyzer**

**Ms. Kyzer is a party to the action and is expected to testify as to her knowledge of the facts and circumstances surrounding the subject incident, her alleged injuries, and the extent of her alleged damages.**

**b. Madison Caraway**

**Ms. Caraway is a party to the action and is expected to testify as to her knowledge of the facts and circumstances surrounding the subject incident, her alleged injuries, and the extent of her alleged damages.**

**c. One or more representatives of New Prime, Inc.**

**One or more other representatives of the company may testify regarding the allegations of the Complaint, including Defendant Wilfong's relationship with New Prime, his qualifications and training, and New Prime's safety policies and procedures.**

**d. Jahaad Neheem Daniel Wilfong**

**Mr. Wilfong is a party to the action and is expected to testify as to his knowledge of the facts and circumstances surrounding the subject accident.**

**e. Officer Ivette Liz Arrington**

**Officer Arrington is the law enforcement officer who investigated the subject incident and created an accident report regarding the accident. Officer Arrington is expected to testify regarding her knowledge of the facts and circumstances surrounding the subject incident, as well as the scene upon her arrival.**

**f. David Benjamin Turpin**

**Mr. Turpin is believed to be the motorist who stopped to assist Defendant Wilfong prior to the collision. He is expected to testify regarding the positioning of his vehicle,**

**the warning devices at the scene, the lighting and visibility conditions, and the collision itself.**

**g. Other responding law enforcement officers**

**Other officers of the South Carolina Highway Patrol and local law enforcement who responded to the scene, including officers whose identities are not yet known, are expected to testify regarding the scene, the conduct and condition of the drivers following the collision, and their investigation.**

**h. Emergency medical services personnel**

**EMS personnel who responded to the scene are expected to testify regarding their response and any evaluation or treatment of Plaintiffs at the scene.**

**i. Individuals accompanying Defendant Wilfong at the scene**

**Individuals who were with Defendant Wilfong at the time of the collision or who arrived at the scene afterward (names to be supplemented) are expected to testify regarding their observations of the scene, the warning devices, the collision, and the conduct and condition of Plaintiffs following the collision.**

**j. Representative of Freedom Towing**

**A representative of Freedom Towing is expected to testify regarding the removal of the New Prime tractor from the scene, including its position and condition.**

**k. Records custodians**

**Custodians of records for the applicable 911/emergency dispatch center, the South Carolina Highway Patrol, the South Carolina Department of Transportation, and Plaintiffs' medical providers are expected to testify regarding the authenticity of their respective records.**

**l. Plaintiffs' treating physicians and medical providers.**

**These doctors are expected to testify as to their knowledge of Plaintiffs' alleged injuries, treatment, and the cause thereof.**

**Defendants reserve the right to call any witness identified by any other party and to supplement this response as discovery progresses.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**<u>RESPONSE</u>:**

**Defendants have not yet identified expert witnesses, as the investigation and discovery are ongoing. Defendants anticipate that they may offer expert testimony in the following fields: (a) accident reconstruction, including vehicle speed, perception-reaction time, and scene visibility; (b) commercial motor vehicle safety and compliance with the Federal Motor Carrier Safety Regulations; (c) medical causation and the reasonableness and necessity of Plaintiffs' medical treatment and charges; and (d) biomechanics. Defendants will identify their experts in accordance with the proposed Amended Conference and Scheduling Order and reserve the right to call any expert identified by any other party.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting same.[1]

**<u>RESPONSE</u>:**

**Plaintiffs assert causes of action for (I) negligence, negligence per se, and recklessness against Defendant Wilfong, premised in part on alleged violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 392.22 and 393.95; (II) respondeat superior against Defendant New Prime; and (III) negligent hiring, training, supervision, retention, entrustment, and safety management against Defendant New Prime. Plaintiffs seek actual and punitive damages, attorneys' fees, and costs. Defendants deny that they were negligent, reckless, or in violation of any statute or regulation; deny that Defendant Wilfong was an employee of Defendant New Prime as alleged, Defendant Wilfong being an independent contractor under contract with Defendant New Prime; and deny that any act or omission on their part proximately caused Plaintiffs' alleged damages. Defendants have asserted defenses including the comparative negligence of the Plaintiffs.**

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

**<u>Prove Negligence and Lack of Proximate Cause:</u>**

**"To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."** ***Bloom v. Ravoira*, 339 S.C. 417, 529 S.E.2d 710, 712 (S.C. 2000). "A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing."** ***Jackson v. S.C. Dep't of Corrections*, 301 S.C. 125, 126-27, 390 S.E.2d 467, 468 (Ct. App. 1989). "Gross negligence involves a conscious failure to exercise due care."** ***Id.*** **Defendants deny Plaintiffs can meet their burden of proof on damages proximately resulting from such simple negligence and gross negligence.**

**Defendants have asserted affirmative defenses of, *inter alia*, comparative negligence by Plaintiffs. "For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence."** ***Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991).**

**Defendants have raised the defense that Plaintiffs have failed to mitigate their damages and that the accident was not the proximate cause of their damages. Plaintiffs have a legal duty to exercise at least ordinary care in lessening the damages as reasonably practicable.** ***Harper v. Western Union Tel. Co.*, 133 S.C. 61, 130 S.E. 119 (1925).**

**Defendants contend that the negligence of the third-party motorist who stopped in the roadway, and of Plaintiff Caraway, were intervening and superseding causes of the collision. Proximate cause requires both causation in fact and legal cause, which is proved by establishing foreseeability; an independent, unforeseeable intervening act breaks the causal chain.** ***Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 502 S.E.2d 78 (1998).**

**Defendants further assert the defenses of sudden emergency and unavoidable accident.** ***Alston v. Blue Ridge Transfer Co*., 308 S.C. 292 (1992).** ***Grier v. Cornelius*, 247 S.C. 521 (1966)**

**Plaintiffs' direct negligence claims against New Prime require proof that New Prime knew or should have known that its hiring, retention, or entrustment of Defendant Wilfong created an undue risk of harm to the public.** ***James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008).**

**Defendants are entitled to a set-off for any amounts paid to Plaintiffs by or on behalf of any other person or entity for the same injuries. S.C. Code Ann. § 15-38-50.**

**Plaintiffs must prove any claim for punitive damages by clear and convincing evidence. S.C. Code Ann. § 15-33-135. Upon Defendants' motion, the trial must be bifurcated. S.C. Code Ann. § 15-32-520. As an alternative pleading, Plaintiffs' claims for punitive damages must be limited and/or capped according to S.C. Code Ann. § 15-32-530.**

(5) Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

**RESPONSE:**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. As set forth in the proposed Amended Conference and Scheduling Order, Plaintiffs shall file their expert disclosures by April 13, 2027. Defendants shall file their expert disclosures by May 28, 2027.**

**(b) Completion of Discovery. As set forth in the proposed Amended Conference and Scheduling Order, discovery shall be completed by July 5, 2027.**

(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order:

**RESPONSE:**

**Defendants are located out of state, which may impact deposition scheduling. Plaintiffs may attempt to amend the Compliant to add an additional defendant. Depending on the timing of the amendment, this could require an extension of the deadlines in the Scheduling Order.**

(7) Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: None.**

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted,

s/C. Fredric Marcinak
C. Fredric Marcinak (Fed. Bar # 9816)
Cole J. Goode (Fed.Bar # 14191)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, SC 29616
(864) 248-6025
(864) 248-6035 (Fax)
Fred.Marcinak@momarlaw.com
Cole.Goode@momarlaw.com
*Attorneys for Defendants*

October 23, 2026